**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Frank G. Seidel,

           Plaintiff,

v.

E-One Hundred Group, LLC,
Mark A. Ambert, and
Doreen M. Ambert,

           Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 05-1910 ADM/JSM

---

## I. INTRODUCTION

On September 26, 2005, the undersigned United States District Judge issued an Order [Docket No. 3] in response to Plaintiff Frank G. Seidel's ("Plaintiff" or "Seidel") Motion for Default Judgment and Motion for Entry of Default [Docket No. 2] in the above-titled matter. The Order denied Plaintiff's Motion on the grounds that Plaintiff did not file an effective return of service under the rules with respect to his original Summons and Complaint [Docket No. 1] against Defendants E-One Hundred Group, LLC ("E-One Hundred"), Mark A. Ambert, and Doreen M. Ambert (collectively "Defendants"). The Court gave Plaintiff one month to file proper return of service or the Court would dismiss his action without prejudice.

On September 28, 2005, Plaintiff filed a Return of Service document [Docket No. 4] with the Court. The Return of Service document, dated August 23, 2005, lists Seidel as the server and lists the method of service as follows: "Other: Deposited copy of summons and complaint with UPS at THE UPS STORE 13033 RIDGEDALE DR MINNETONKA, MN 55305 952-544-1384, for overnight delivery to defendant. Tracking number: 1Z9Y9E231392336783. Delivery confirmation and shipping label are attached."

## II. DISCUSSION

Rule 4(e) of the Federal Rules of Civil Procedure, concerning service upon individuals within a judicial district of the United States, provides:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Rule 4(h)(1) of the Federal Rules of Civil Procedure, concerning service upon corporations and associations, provides for service of process in the manner prescribed for individuals in Rule 4(e)(1), or:

> [B]y delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Minnesota and Connecticut's rules for service of process on individuals and businesses are substantively identical to the federal rule. 48 M.S.A., Rules Civ. Proc., Rule 4.03(a)-(c); Conn. Gen. Stat. § 52-57(a), (c), (d).[1]

---

[1] Connecticut's rule for service of process in actions against a private corporation is more specific by listing the people upon whom process can be served: president, vice president, assistant vice president, secretary, assistant secretary, treasurer, assistant treasurer, cashier, assistant cashier, teller, assistant teller, any director resident in Connecticut, the person in charge of the business of the corporation, or any person who at the time of service is in charge of the office of the corporation in the town in which its principal office or place of business is located.

In this case, Plaintiff did not deliver his Summons and Complaint to the individual Defendants personally, or leave the documents at their home, or deliver the documents to an authorized agent. It also appears that Plaintiff did not deliver his Summons and Complaint to the corporate defendant by way of an officer, managing or general agent, or authorized agent. Instead, Plaintiff left a copy of the Summons and Complaint at a UPS store in Minnetonka, Minnesota, with instructions for the UPS store to deliver the Summons and Complaint by way of overnight delivery to an address in Connecticut. Plaintiff then tracked the delivery of the Summons and Complaint, and received confirmation that the Summons and Complaint was delivered to the specified address in Connecticut. The tracking number slip shows the delivery location in Connecticut is the office location of E-One Hundred Group, LLC.

Simply put, Plaintiff, through his actions, did not properly serve process upon Defendants as is required by the rules. Plaintiff must serve process in the proper manner and on the proper defendants in order for his action to proceed. See Larsen v. Mayo Med. Ctr., 218 F.3d 863, 868 (8th Cir. 2000) (service improper where summons and complaint were mailed rather than personally served on anyone); McKenzie v. Lunds, Inc., 63 F. Supp. 2d 986, 993-94 (D. Minn. 1999) ("[W]hen a defendant has been improperly served, a Federal Court lacks jurisdiction over the defendant whether or not the defendant had actual notice of the lawsuit.").[2]

---

Conn. Gen. Stat. § 52-57(c). Plaintiff's tracking slip indicates that delivery was signed for by "Kekelsky." There is no indication who Kekelsky is, or if Kekelsky has authority to accept service of process on behalf of E-One Hundred. See West Licensing Corp. v. Eastlaw, LLC, 2001 WL 501200 (D. Minn. 2001). In any event, serving process on E-One Hundred by leaving the Summons and Complaint at a UPS store in Minnetonka is not proper service.

[2] In addition, Plaintiff listed himself as the server and signed the Return of Service document. Federal Rule of Civil Procedure 4(c)(2) states in relevant part that "[s]ervice may be effected by any person who is not a party and who is at least 18 years of age." Rule 4(l) states in

## III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: February 10, 2006.

---

relevant part that "[i]f service is made by a person other than a United States marshal or deputy United States marshal, the person shall make affidavit thereof."